FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FEB 06 2014

FOR THE NINTH CIRCUIT

WELLS FARGO & COMPANY; WELLS FARGO INSURANCE SERVICES USA, INC.,

Plaintiffs - Appellants,

v.

ABD INSURANCE & FINANCIAL SERVICES, INC., FKA Insurance Leadership Network, Inc.; KURT DE GROSZ; BRIAN HETHERINGTON,

Defendants - Appellees.

No. 13-15625

D.C. No. 4:12-cv-03856-PJH
Northern District of California, Oakland

ORDER

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

Appellee's Petition for Rehearing is DENIED.

The full court has been advised of the Petition for Rehearing En Banc and no judge of the court has requested a vote on the Petition for Rehearing En Banc. Fed. R. App. P. 35. Appellee's Petition for Rehearing En Banc is also DENIED.

The memorandum disposition filed on December 20, 2013, is AMENDED as follows.

The second to last paragraph states:

We also note that although the district court did not abuse its discretion by omitting consideration of the false affiliation claim

because it was not properly raised below, we see no reason why that claim cannot be raised on remand and therefore hold that Wells Fargo can address any false affiliation claims it has in further proceedings consistent with this memorandum disposition.

The second to last paragraph is deleted in its entirety and replaced with the following language:

We also note that although the district court did not abuse its discretion by omitting consideration of the false affiliation claim because it was not properly raised below, we see no reason why that claim cannot be raised on remand and therefore hold that Wells Fargo can address any false affiliation claims it has in further proceedings consistent with this memorandum disposition. We further note that the district court determined that Wells Fargo failed to establish that it would likely suffer irreparable harm if a preliminary injunction did not issue. In light of our recent decision in *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239 (9th Cir. 2013), we decline to address this issue. Because neither the district court nor the parties had the benefit of *Reed*, the district court should revisit the issue of irreparable harm on remand. *See id.* at 1250 ("Evidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm.").

No further petitions for rehearing or rehearing en banc will be accepted.

**IT IS SO ORDERED.**